# U.S. District Court [LIVE]
## NYWD U.S. District Court [LIVE] (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:03-mj-01117-LGF-ALL
### Internal Use Only

**Case title:** USA v. Chui               **Date Filed:** 12/19/03
**Other court case number(s):** None
**Magistrate judge case number(s):** None

**Assigned to:** Hon. Leslie G. Foschio
**Referred to:**

**Defendant(s)**
------------------------

**Kam Wai Chui (1)**           represented by   **E. Carey Cantwell**
                                                    E. Carey Cantwell P.C.
                                                    295 Main Street
                                                    984 Ellicott Square Building
                                                    Buffalo, NY 14203
                                                    716-853-1300
                                                    Fax : 716-853-1303
                                                    Email: ecantw4174@aol.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: CJA Appointment*

**Pending Counts**                                       **Disposition**
--------------------------

None

**Highest Offense Level (Opening)**
-----------------------------------------

None

**Terminated Counts**                                    **Disposition**
--------------------------------

None

**Highest Offense Level (Terminated)**
--------------------------------------------

None -

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _____
             Deputy Clerk

Original Filed _____

None

| Complaints | Disposition |
|------------|-------------|
| 18:1341.F, mail fraud; 18:1956, money laundering; | |

---

**Plaintiff**

----------------

**USA**          represented by    **Marie P. Grisanti**
U.S. Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716-843-5818
Fax : 716-551-3052
Email: marie.grisanti@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| **Filing Date** | **#** | **Docket Text** |
|-----------------|-------|-----------------|
| 12/19/2003 | ❍ | Arrest (Rule 5) of Kam Wai Chui (LMP, ) (Entered: 02/23/2004) |
| 12/19/2003 | ❍1 | Minute Entry for proceedings held before Judge Leslie G. Foschio :Initial Appearance in Rule 5 Proceedings as to Kam Wai Chui held on 12/19/2003 (LMP, ) (Entered: 02/23/2004) |
| 12/19/2003 | ❍2 | CJA 23 Financial Affidavit by Kam Wai Chui (LMP, ) (Entered: 02/23/2004) |
| 12/24/2003 | ❍3 | Minute Entry for proceedings held before Judge Leslie G. Foschio :Initial Appearance continued as to Kam Wai Chui held on 12/24/2003 (LMP, ) (Entered: 02/23/2004) |
| 12/24/2003 | ❍4 | Minute Entry for proceedings held before Judge Leslie G. Foschio :Detention Hearing as to Kam Wai Chui held on 12/24/2003 (LMP, ) (Entered: 02/23/2004) |
| 12/24/2003 | ❍5 | WAIVER of Rule 40 Hearings by Kam Wai Chui (LMP, ) (Entered: 02/23/2004) |
| 12/24/2003 | ❍6 | ORDER HOLDING DEFENDANT TO ANSWER AND APPEAR as to |

|  |  |  |
|---|---|---|
|  |  | Kam Wai Chui . Signed by Judge Leslie G. Foschio on 12/24/03. (LMP, ) (Entered: 02/23/2004) |
| 12/24/2003 | **◑7** | COMMITMENT TO ANOTHER DISTRICT as to Kam Wai Chui. Defendant committed to District of MASSACHUSETTS. . Signed by Judge Leslie G. Foschio on 12/24/03. (LMP, ) (Entered: 02/23/2004) |
| 01/14/2004 | **◑8** | CJA 20 as to Kam Wai Chui : Appointment of Attorney E. Carey Cantwell for Kam Wai Chui. . Signed by Judge Leslie G. Foschio on 1/8/04. (LMP, ) (Entered: 02/23/2004) |
| 01/22/2004 | **◑9** | TRANSCRIPT of Proceedings as to Kam Wai Chui held on 12/24/03 before Judge Foschiio. Transcriber Michelle McLaughlin. (29 pp.) (LMP, ) (Entered: 02/23/2004) |
| 02/09/2004 | **◑10** | CJA 20 as to Kam Wai Chui : Authorization to Pay E. Carey Cantwell. Amount: $ $369.00, Voucher # 040109000101. . Signed by Judge Leslie G. Foschio on 2/2/04. (LMP, ) (Entered: 02/23/2004) |
| 02/23/2004 | **◑11** | ORDER OF DETENTION as to Kam Wai Chui Notice and copy will be mailed to U.S. Pretrial Services, U.S. Marshals Services. Signed by Judge Leslie G. Foschio on 1/15/04. (LMP, ) (Entered: 02/23/2004) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

KAM WAI CHUI,

                    Defendant

**ORDER OF DETENTION PENDING TRIAL**
Docket No.   03-M-1117

In accordance with the Bail Reform Act, 18 U.S.C. Section 3142(f)(1),

a detention hearing was been held December 24, 2003. I conclude that the following

facts require the detention of the defendant pending trial in this case.

## ALTERNATIVE FINDINGS (B)

1.    There is a serious risk that the defendant will not appear.

## PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

I find that the credible testimony and information submitted at the hearing

establishes by a preponderance of the evidence that: Defendant is charged with mail

fraud and faces a substantial sentence.   The case against Defendant is strong.

Defendant fled to China after being named as a target. Defendant failed to advise his

family with whom he then resided of his intention to travel to China instead telling

them he was going to Philadelphia.  While in China for last nine months, Defendant

had no contact with his girlfriend. Defendant has apparent access to bank accounts

ATTEST A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By ———————————
            Deputy Clerk

Original Filed

2

of undisclosed sources of funds.  Pretrial recommends detention.

### PART III - DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

LESLIE G. FOSCHIO
United States Magistrate Judge

DATED:    January 15, 2004
          Buffalo, New York

## Other Orders/Judgments

1:03-mj-01117-LGF USA v. Chui

### U.S. District Court [LIVE]

### NYWD U.S. District Court [LIVE]

Notice of Electronic Filing

The following transaction was received from LMP, entered on 2/23/2004 at 2:55 PM EST and filed on 2/23/2004

**Case Name:**        USA v. Chui
**Case Number:**      1:03-mj-1117
**Filer:**
**Document Number:** 11

**Docket Text:**
ORDER OF DETENTION as to Kam Wai Chui Notice and copy will be mailed to U.S. Pretrial Services, U.S. Marshals Services. Signed by Judge Leslie G. Foschio on 1/15/04. (LMP, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcccfStamp_ID=1042579058 [Date=2/23/2004] [FileNumber=65283-0]
[930e2f1071afcd46020fb731877bb383f0395ad9890d8d63131762889249cd5eb8425
2b3bb66ab52b8ca67247323e1a243ae64f97ae9c17e163501a644ba6cba]]

**1:03-mj-1117-1 Notice will be electronically mailed to:**

E. Carey Cantwell     ecantw4174@aol.com,

Marie P. Grisanti     marie.grisanti@usdoj.gov, joanne.beale@USDOJ.GOV

**1:03-mj-1117-1 Notice will not be electronically mailed to:**

CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| NYW | CHUI, KAM WAI | | 0401098000101 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 1:03-001117-001 | | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. CHUI | Felony | Adult Defendant | Criminal Case |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 1341.F -- FRAUDS AND SWINDLES

12. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
CANTWELL, E CAREY
295 MAIN STREET
SUITE 984
BUFFALO NY 14203-2509

Telephone Number: (716) 853-1300

14. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)
E CAREY CANTWELL PC
295 MAIN STREET
SUITE 984
BUFFALO NY 14203-2509

13. COURT ORDER
☒ O Appointing Counsel        ☐ C Co-Counsel
☐ P Subs For Federal Defender  ☐ R Subs For Retained Attorney
☐ P Subs For Panel Attorney    ☐ Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____
☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
☐ Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
12/19/03
Date of Order          Nunc Pro Tunc Date       12/19/03
Repayment or partial repayment ordered from the person represented for this service at time of appointment.  ☐ YES  ☐ NO

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| | 15. a. Arraignment and/or Plea | | | | | |
| | b. Bail and Detention Hearings | | | | | |
| In Court | c. Motion Hearings | 1.75 | | | | |
| | d. Trial | 18 X 90 = 1162 00 | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ 90.00 ) TOTALS: | 1.75 | 157.50 | | | 103 00 |
| Out of Court | 16. a. Interviews and Conferences | 2.25 | | | | |
| | b. Obtaining and reviewing records | | | | | |
| | c. Legal research and brief writing | | | | | |
| | d. Travel time | 2.3 X 90 = 207.00 | | | | |
| | e. Investigative and Other work (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ 90.00 ) TOTALS: | 2.25 | 202.50 | | | 807 00 |
| | 17. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| | 18. Other Expenses (other than expert, transcripts, etc.) | | 360.00 | | | 3109 00 |

19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE
FROM 12/19/03  TO 12/29/03

| 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|
| | |

22. CLAIM STATUS  ☒ Final Payment  ☐ Interim Payment Number _____  ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?  ☐ YES  ☒ NO  If yes, were you paid?  ☐ YES  ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation?  ☐ YES  ☐ NO  If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: _____  Date: 1/15/04

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
|---|---|---|---|---|
| | | | | |
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE 2/2/04 | 28a. JUDGE/MAG. JUDGE CODE LGE/09C |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
| | | | | |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | | DATE | |

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _____
Deputy Clerk

Original Filed _____

| 1. CIR./DIST./DIV. CODE NYW | 2. PERSON REPRESENTED CHUI, KAM WAI | | | VOUCHER NUMBER 040109000101 | |
|---|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER 1:03-001117-001 | 4. DIST. DKT./DEF. NUMBER | | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. CHUI | 8. PAYMENT CATEGORY Felony | 9. TYPE PERSON REPRESENTED Adult Defendant | | 10. REPRESENTATION TYPE (See Instructions) Criminal Case | |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section)   If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 1341.F -- FRAUDS AND SWINDLES

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix)
AND MAILING ADDRESS
CANTWELL, E CAREY
295 MAIN STREET
SUITE 984
BUFFALO NY 14203-2509

Telephone Number:    (716) 853-1300

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)
E CAREY CANTWELL PC
295 MAIN STREET
SUITE 984
BUFFALO NY 14203-2509

**13. COURT ORDER**
☒ O  Appointing Counsel          ☐ C  Co-Counsel
☐ F  Subs For Federal Defender   ☐ R  Subs For Retained Attorney
☐ P  Subs For Panel Attorney     ☐ Y  Standby Counsel

Prior Attorney's Name: _____
    Appointment Date: _____

☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case,
or
☐ Other (See Instructions)

    Signature of Presiding Judicial Officer or By Order of the Court
    Date of Order                Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of appointment.   ☐ YES   ☐ NO

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. | a. Arraignment and/or Plea | | | | | |
| | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| In Court | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $          )          TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| Out of Court | b. Obtaining and reviewing records | | | | | |
| | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and Other work (Specify on additional sheets) | | | | | |
| | (Rate per hour = $          )          TOTALS: | | | | | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | | | | |

**19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE**
FROM _____ TO _____

**20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION**

**21. CASE DISPOSITION**

**22. CLAIM STATUS**   ☐ Final Payment   ☐ Interim Payment Number ___   ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?   ☐ YES   ☐ NO   If yes, were you paid?   ☐ YES   ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation?   ☐ YES   ☐ NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____                     Date: _____

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT. |
|---|---|---|---|---|
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | 28a. JUDGE / MAG. JUDGE CODE |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | | DATE | |

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _____
    Deputy Clerk

Original Filed _____

UNITED STATES DISTRICT COURT

_Western_ _____ District of _____ _New York_

UNITED STATES OF AMERICA

v.

_Kam Wai Chui_

**COMMITMENT TO ANOTHER DISTRICT**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 03CR10396-NG | 03-m-1117 | 03-m-0448 RBC |

CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN

☒ Indictment  ☐ Information  ☐ Complaint  ☐ Other (specify)

charging a violation of _18_ U.S.C. § _1344, 1956, 982 and 2_

DISTRICT OF OFFENSE  _Massachusetts_

DESCRIPTION OF CHARGES:  _Mail Fraud_
_Money Laundering_
_Forfeiture_
_Aiding and Abetting_

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK
_M. L. Lewis_
BY _____ Deputy Clerk

CURRENT BOND STATUS:

☐ Bail Fixed at _____ and conditions were not met
☒ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

Representation:  ☐ Retained Own Counsel  ☐ Federal Defender Organization  ☒ CJA Attorney  ☐ None

Interpreter Required?  ☒ No  ☐ Yes  Language: _____

_Western_ DISTRICT OF _New York_

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

_12/24/03_
Date

United States ~~Judge or~~ Magistrate Judge

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

# United States District Court

_Western_ **DISTRICT OF** _New York_

UNITED STATES OF AMERICA

V.

_Kam Wai Chui_

**ORDER HOLDING DEFENDANT TO
ANSWER AND TO APPEAR
IN DISTRICT OF PROSECUTION
OR DISTRICT HAVING
PROBATION JURISDICTION**

**FILED**
U.S. DISTRICT COURT
W. D. of N.Y.
DEC 24, 2003
BY _M. J. Lewis_
TITLE _Courtroom Deputy_

Case Number: _03-M-1117_

Charging District Case Number:

_03-M-0448 RBC_

The defendant having appeared before this Court pursuant to Rule 40, Fed. R. Crim. P., and proceedings having been concluded and the defendant released;

IT IS ORDERED that the defendant be held to answer in the United States District Court for the

_____ District of _Massachusetts_ ; and shall appear at all proceedings as required.
_(Boston)_

The defendant shall next appear at (if blank, to be notified) _____

on _(as directed)_ . 
_Date and Time_

_Place and Address_
**ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK**

By _____ **Deputy Clerk**

**Original Filed** _____

_____
_Signature of Judicial Officer_

**LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE**

_12/24/03_
_Date_

_____
_Name and Title of Judicial Officer_

AO 466  (1/86)  Waiver of Rule 40 Hearings

# United States District Court

_Western_                                    **DISTRICT OF** _New York_

UNITED STATES OF AMERICA

**FILED**
**U.S. DISTRICT COURT**
**W. D. of N.Y.**
_2003_
DEC 24

V.

_Kam Wai Chui_

BY _M.T. Teul_
TITLE _Courtroom Deputy_

**WAIVER OF RULE 40 HEARINGS**
**(Excluding Probation Cases)**

Case Number: _03-M-1117_

I, _Kam Wai Chui_ , understand that in the

District of _Massachusetts_ , charges are pending

alleging violation of _Mail fraud; money laundering; forfeiture;_
_aiding and abetting_ and that I have been
arrested in this District and taken before a United States Magistrate, who informed me of the charge and of my
right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the
proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing
to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has
been returned or an information filed) to determine whether there is probable cause to believe an offense has
been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

( X ) identity hearing

(    ) preliminary examination

(    ) identity hearing and have been informed I have no right to a preliminary examination

(    ) identity hearing but request a preliminary examination be held in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the
charge is pending against me.

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By
                Deputy Clerk
Original Filed

X _____
**Defendant**

_12/24/03_
**Date**

X _____
**Defense Counsel**

*10:51:27 BEGAN*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DETENTION HEARING

MAGISTRATE JUDGE FOSCHIO                    COURTROOM: RM. 428

COURTROM DEPUTY:  M. LINDA LEWIS            DATE: *12/24/03*

USA  v. *Kam Wai Chui*                      DOCKET NO.: *03-m-1117*

AUSA: *A. Gioia for M. Grisanti*  USPO: *A. M. Serotte*

COUNSEL  ☐ FOR   ☐ WITH DEFENDANT:         **FILED**
                                            U.S. DISTRICT COURT
*Electronic*                                W.D. of N.Y.
COURT REPORTER: *Kimberly Picone*           *DEC 24, 2003*
                                            AT
INTERPRETER:                                BY *M. L. Lewis*
                                            TITLE *Courtroom*

GOVERNMENT WITNESSES:              DEFENDANT WITNESSES: *Deputy*

~~EXHIBITS ADMITTED:~~

~~GOVERNMENT:~~                    ~~DEFENDANT:~~

*Court tendered a copy of Indictment from the District of Massachusetts.*

                                   **ATTEST: A TRUE COPY**
                                   **U.S. DISTRICT COURT, WDNY**
                                   **RODNEY C. EARLY, CLERK**
(  )  Gov't rests             (  )  Dft rests
(✓)  Gov't proceeds by proffer  (✓)  Dft proceeds by proffer   By _____
(  )  No evidence by Govt     (  )  No evidence by dft          Deputy Clerk

                                   Original Filed _____
(✓)  Court grants Gov't mtn to detain dft pending trial. Order to be entered.  Dft remanded.

(  )  Court denies Gov't mtn to detain dft pending trial.  Bail  set in amt of
         _____.  Dft remanded.

(  )  Proceedings adj'd to:
         on Gov't mtn to detain dft pending trial.  Dft remanded.

COMMENTS: *Identity is no longer an issue per AUSA — deft concurs.*

*See In App on Rule 5 arrest (Cont'd from 12/19/03) minute entry following.*

WESTERN DISTRICT OF NEW YORK

INITIAL APPEARANCE ON RULE 40 ARREST *(Cont'd from 12/19/03)*

U.S. MAGISTRATE JUDGE ___FOSCHIO___          COURTROOM: RM. 428

COURTROOM DEPUTY __M. L. Lewis__     DATE ___12/24/03___

USA v. __Kam Wai Chui___          DOCKET NO. __03-M-1117__

AUSA __A. Gioia for M. Gibanti__ USPO: __A. M. Serotte__

COUNSEL FOR/WITH DEFENDANT __C. Cantwell__

COURT REPORTER __Electronic — Kimberly Paone__

INTERPRETER _____

Defendant arrested on: __✓__ Complaint __✓__ Arrest Warrant
___ Petition for Violation of Probation
__✓__ Indictment issued in _____     District of __Massachusetts__

DATE OF ARREST: _____          TAPE: _____

____ Defendant advised of rights, including right to counsel.
____ Defendant sworn, examined and determined eligible/ineligible for court-appointed
     counsel.
____ Federal Public Defender/CJA Panel Attorney _____
__✓__ Rule 40 Hearing waived/set for ___ WAIVER EXECUTED ___

____ Oral motion by Gov't for pretrial detention on the basis of _____

_____

____ Hearing on Gov't mtn for pretrial detention sched for _____
     at _____.

____ Dft released O/R.
____ Dft remanded.
____ Bail set in the amount of $ _____ cash/surety/property.
____ Dft released upon signing cash/surety/property bond in amt of $ _____.
____ Dft signs Order Setting Conditions of Release.
____ Dft signs Waiver of Rights Under Interstate Detainer Act.
____ Dft released and directed to report to the _____ District of _____
     for further proceedings on _____.
__✓__ U.S. Marshal is directed to transport dft to _____ District of __Massachusetts__
     for further proceedings.
__✓__ Defendant remanded.

__11:39:10 END__

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _____
     Deputy Clerk
Original Filed _____

# FINANCIAL AFFIDAVIT

CJA 23
(Rev. 5/98)

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

IN UNITED STATES    ☑ MAGISTRATE    ☐ DISTRICT    ☐ APPEALS COURT or    ☐ OTHER PANEL (Specify below)

IN THE CASE OF

_____ vs. _Chui_

FILED
U.S. DISTRICT COURT
W. D. OF N.Y.
DEC 19, 2003
BY _____ TITLE _____
Deputy

**LOCATION NUMBER**

W.D.N.Y
Buffalo

36029

PERSON REPRESENTED (Show your full name)

Kam Wai Chui
282 Liberty St.
Quincy, MASS  02169

CHARGE/OFFENSE (describe if applicable & check box →)    ☐ Felony    ☑ Misdemeanor

1 ☑ Defendant – Adult
2 ☐ Defendant – Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other (Specify) _____

**DOCKET NUMBERS**

Magistrate

03-M-1117

District Court

Court of Appeals

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**ASSETS**

**EMPLOYMENT**

Are you now employed?  ☐ Yes    ☑ No    ☐ Am Self Employed

Name and address of employer: _____

IF YES, how much do you earn per month? $ _____

IF NO, give month and year of last employment
How much did you earn per month? $ _____

If married is your Spouse employed?    ☐ Yes    ☐ No

IF YES, how much does your Spouse earn per month? $ _____

If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?  ☑ Yes  ☐ No

IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES

RECEIVED TOTAL $ 2,000 –

SOURCES  Unemployment  1/03 – 4/03

**CASH**

Have you any cash on hand or money in savings or checking account  ☑ Yes  ☐ No  IF YES, state total amount $ 300 –

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes  ☑ No

VALUE  #200  DESCRIPTION  ring

IF YES, GIVE THE VALUE AND DESCRIBE IT $ _____

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK
By _____
Deputy Clerk
Original Filed _____

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
☐ SINGLE
☐ MARRIED
☐ WIDOWED
☐ SEPARATED OR DIVORCED

Total No. of Dependents    4

List persons you actually support and your relationship to them

**DEBTS & MONTHLY BILLS**

(LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: | Creditors | Total Debt | Monthly Payt. |
|---|---|---|---|
| In China from 4/03 to present | | $ N/A | $ N/A |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date)  12/19/03

SIGNATURE OF DEFENDANT
(OR PERSON REPRESENTED)    X _____

$300 on his person at time of arrest
$2,000 in Seized Acct in MASS.

USA v. Kam Wai Chui, 03-M-1117                          Magistrate Judge Foschio

| Time | Speaker | Minutes |
|------|---------|---------|
| 3:07:43 PM | | **INITIAL APPEARANCE re: Rule 5 Arrest, District of Massachusetts (Boston):** AUSA M. Grisanti, C. Cantwell w/deft and USPO L. Cullen.<br><br>Deft advised of his rights, charges against him and penalty range. Deft reqs ct app atty. Deft sworn, examined and determined eligible -- **E. CAREY CANTWELL, ESQ. ASSIGNED.** USPO correctss PTS rpt in that deft is in possesion of a Chinese passport (not US passport). Gov't oral motion for detention on the basis of unreasonable flight risk. Cantwell reqs 5 minute recess (to consult with deft). |
| 3:19:22 PM | | RECESS. |
| 3:36:19 PM | | **[BACK ON THE RECORD]** -- Cantwell states (after consulting with AUSA) USMS will not be able to move deft out of the district until January, 2004 if deft is denied bail, etc. Deft is requesting a dtn hrg. Cantwelll states he will need 48-hour period to determine identity, detention, etc. AUSA states deft's case has been presented to the GJ and there is an indictment (but AUSA does not have copy of same). **DETENTION HEARING SET FOR 12-24-03 AT 11 AM.** Deft remanded. |
| 3:43:58 PM | end | |

FILED
U.S. DISTRICT COURT
W.D. of N.Y.

DEC 19, 2003

BY...............................
TITLE ...Courtroom Deputy...

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By.................................
Deputy Clerk
Original Filed...........

AO 442 (Rev. 6/93) Warrant for Arrest

*03-m-1117*

# United States District Court

**DISTRICT OF** Massachusetts

UNITED STATES OF AMERICA

V.

Kam Wai Chui

## WARRANT FOR ARREST

CASE NUMBER: 03 m 0448 RBC

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest      **Kam Wai Chui**
            Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Engaging in a scheme to embezzle stock from account holders at the stock transfer company, Equiserve, Inc.

COPY

in violation of Title   **18**   United States Code, Section(s)  **1341 (mail fraud)**

Robert B. Collings
Name of Issuing Officer

Signature of Issuing Officer

United States Magistrate Judge
Title of Issuing Officer

11-07-2003   Boston, Massachusetts
Date and Location

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
United States Courthouse , - Suite 6420
1 Courthouse Way
Boston, MA 02210

Bail fixed at $ _____    by _____
                              Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ COPY | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

This form was electronically produced by Elite Federal Forms, Inc.

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF Massachusetts _____

UNITED STATES OF AMERICA

V.

Kam Wai Chui
287 Liberty Street
Quincy, MA

### CRIMINAL COMPLAINT

CASE NUMBER: 03 m 0448 RBC

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my

knowledge and belief. On or about _____ October 15, 2002 _____ in ____ Norfolk ____ county, in the

_____ District of _____ Massachusetts _____ defendant(s) did, (Track Statutory Language of Offense)

devise a scheme to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause persons to mail matters for delivery by the U.S. Postal Service.

In violation of Title _____ 18 _____ United States Code, Section(s) _____ 1341 _____

I further state that I am a(n) _____ US Postal Inspector _____ and that this complaint is based on the following
                                        Official Title
facts:

See attached Affidavit of Gerard F. Carmody

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence.

NOV - 7 2003 ur 11.57 am   at   _____
Date

Robert B. Collings
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT OF POSTAL INSPECTOR GERARD F. CARMODY

I, Gerard F. Carmody, being duly sworn, do depose and state:

1.     I have been employed by the United States Postal Inspection Service ("USPIS") in the position of Postal Inspector since January 1987.  I am currently assigned to the Boston Division of the USPIS as a supervisor of a team of inspectors who conduct fraud investigations.  I have received general law enforcement training in investigating mail and wire fraud, conspiracy, money laundering and other federal offenses.  I also have conducted numerous investigations into allegations of such offenses, which have resulted in arrests and convictions of numerous subjects.

2.     The information in this affidavit is based on my personal knowledge as a result of my involvement in the investigation described below, as well as information provided to me by other law enforcement officials, a review of various documents and records, and interviews I have conducted of witnesses with relevant first hand knowledge.

3.     I have not included in this affidavit all the information known to me about the events and evidence outlined below.  Rather, this affidavit is submitted for the limited purpose of establishing a basis for probable cause to believe that Kam Wai Chui knowingly participated in a scheme to defraud which he executed through the postal system in violation of 18 U.S.C. § 1341; and that he knowingly conducted financial

transactions involving the proceeds of the scheme, knowing that
such transactions were designed to conceal the nature, location,
source and control of the proceeds, in violation of 18 U.S.C. §
1956(a)(1)(B)(i).

4. In March 2003, I became involved in an investigation
that had been originally assigned to Postal Inspector Jean
Zaniewski, whom I supervise. The investigation focused on
allegations that Kam Wai Chui ("Chui"), an employee at the stock
transfer business Equiserve, used his access to his employer's
computer system to divert well over $100,000 in stock from
shareholder accounts into accounts of his own creation.

## Equiserve's Business

5. Based on interviews I have conducted of Equiserve
employees and company documents I have reviewed, I have gained a
rough understanding of how Equiserve works. Headquartered in
Canton, Equiserve operates essentially as a custodian of
corporate stock, enabling its corporate clients and their
shareholders to complete stock transactions electronically
without having to exchange paper stock certificates.
Shareholders of Equiserve's corporate clients may trade stock in
individually-directed accounts by phone or mail or via
Equiserve's wab site.

6. Chui worked at Equiserve from October 30, 2000 to
December 20, 2002 as a Processing Associate in the Transfer
Operations Department ("TOD"), a job that essentially entailed

12/19/2003 10:56 FAX 7185513146    US ATTORNEY    → FUSCHIO    [image]

Dec-19-2003 11:Case 1:03-cr-10396-NG SERVICE-BOSTON    617-556-0400    T-576   P 005/011   F-067
                    Document 12    Filed 02/25/2004    Page 20 of 33

his entering shareholder trading instructions into Equiserve's computer system. In the normal course of business, trade requests, however communicated, are received by Equiserve's customer service representatives, who in turn pass the pertinent trade information to the TOD. Trades are queued in this system such that the next trade to be processed appears on a computer monitor in front of the next available processor. Processors gain access to shareholder accounts by entering a username issued by Equiserve, and a password, which is known only to the processor. Each transaction generates an electronic record reflecting, among other things, the processor's username and a "batch" number assigned by the system.

7.    The account holder, however, does not receive a record of the transaction. For this reason, unless the account holder is an active trader - something a data processor would be able to determine by looking at the account history - the account holder might never know that shares have been removed from his account. It appears that Chui exploited this loophole in Equiserve's system to carry out his scheme.

Chui's Scheme

8.    I have reviewed numerous Equiserve transaction records. The records identify the employee who conducted the transaction in that each bears the employee's unique user name. These records reveal that beginning in June 2001 and continuing until December 2002, Chui established stock accounts in the names of

time was an assistant manager at a Citizens' Bank branch in West
Roxbury.  Records from Citizens Bank indicate that Tony Cho
opened a Citizen's checking account in the name of "Daniel Chang"
without documenting any proof of the identity of the account
holder.  Thus when the Equiserve checks arrived at the addresses
controlled by Jie Ling Cho, the checks would be endorsed in the
payee's names and deposited directly into the Daniel Chang bank
account without any objection from the bank

11.  The records of the Daniel Chang bank account reveal
that it was nothing but a pass through.  All of the funds
deposited into it came from Equiserve checks.  Virtually all of
the withdrawals from the account were made to cash or to Jie Ling
Cho.

### Chui's Confession

12.  On December 20, 2002, after having been alerted to
Chui's scheme by Equiserve officials, P.I. Janiewski interviewed
Chui at Equiserve's offices.  During that interview, Chui signed
a written, sworn statement, which was transcribed by P.I.
Zaniewski, in which Chui stated:

[f]or about one year, I used Equiserve information to
set up dummy accounts and to fund these accounts . .
and a check would be mailed to 'dummy' (sic) address .
. . .  The first I took (sic) this job, they told me
the regulations, and I knew what I was doing was wrong.

13.  Based upon my investigation, I believe probable cause
exists to conclude that Kam Wai Chui did knowingly participate in
a scheme to defraud Equiserve shareholders and caused mailings in

furtherance of the scheme in violation of Title 18, U.S.C. §
1341; and that he knowingly conducted financial transactions
involving the proceeds of the scheme, knowing that such
transactions were designed to conceal the nature, location,
source and control of the proceeds, in violation of 18 U.S.C. §
1956(a)(1)(B)(i).

Gerard F. Carmody
Postal Inspector
U.S. Postal Inspection Service

Subscribed and sworn to before me this **NOV - 7 2003** day of November, 2003.

U.S. Magistrate Judge

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
United States Courthouse , - Suite 6420
1 Courthouse Way
Boston, MA 02210

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )     CRIMINAL NO. O3CR 10396- NG
                                  )
          v.                      )     VIOLATIONS:
                                  )
KAM WAI CHUI,                     )     18 U.S.C. § 1341 (Mail Fraud)
                                  )     18 U.S.C. § 1956 (Money Laundering)
          Defendant.              )     18 U.S.C. § 982 (Forfeiture)
                                  )     18 U.S.C. § 2 (Aiding and Abetting)
_____ )

12-22-03

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

... ... ... ...
... ... COPY OF THE ORIGINAL ON FI...
... OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U. S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**INTRODUCTION**

At all times material to this Indictment,

1.    KAM WAI CHUI ("CHUI") was a resident of Massachusetts and an employee of Equiserve, Inc.

2.    Equiserve, Inc. was a corporation with its principal place of business in Canton, Massachusetts.

3.    Citizens Bank was a federally insured bank with branches throughout Massachusetts.

**OVERVIEW OF THE SCHEME**

4.    CHUI engaged in an elaborate scheme to defraud shareholders of corporate stock held in accounts at Equiserve, whereby he diverted stock from legitimate accounts into phony accounts of his own creation, ordered the sale of the stock, and directed the proceeds of the sales to addresses controlled by his girlfriend and himself. Using a dummy bank account set up by his girlfriend's brother and himself at Citizens Bank, CHUI was able to convert the proceeds of the

sale to his own use.

*Equiserve's Business*

5.    Equiserve was in the stock transfer business, in which publicly traded corporations retain a company like Equiserve to perform electronic transfers of their stock. One of the principal benefits of this service is that it enables a corporation and its shareholders to trade stock without the inconvenient and costly task of redeeming paper stock certificates.

6.    Equiserve also offered a related service to shareholders of its corporate clients whereby it allowed them to trade shares in personnally-directed accounts. Account holders could buy or sell shares by instructing Equiserve either by phone or mail, or on its website. Account holders would pay Equiserve a nominal fee for each transaction. Unlike a traditional stock broker, however, Equiserve did not provide shareholders with investment advice.

7.    When Equiserve received a sell order from an account holder, it would sell the shares at prevailing market prices and, unless otherwise instructed, automatically would send a check of the proceeds by mail to the account holder's address of record.

8.    Equiserve's practice was not to send a record of the transaction to the account holder.

*Chui's Role at Equiserve*

9.    CHUI was employed at Equiserve as a "Processing Associate" in the "Transfer Operations Department" at Equiserve's Canton, Massachusetts facility.

10.    When an account holder placed a stock transfer order with Equiserve, the order would be conveyed to the Transfer Operations Department, where Processing Associates like CHUI would enter the transaction information into Equiserve's computer system, which in turn

2

would execute the transaction.

11.    Processing Associates gained access to individual accounts by entering a unique user name assigned by Equiserve and a password known only to the user.

### Chui's Scheme to Siphon Shares from Equiserve Accounts

12.    Beginning in approximately June 2001, using his unique username and password to gain access to Equiserve's system, CHUI opened numerous phony shareholder accounts. The accounts bore the names of persons who had not authorized their opening, as well as social security numbers that either did not match the names or did not exist at all.

13.    The addresses CHUI listed on these accounts were addresses controlled by his girlfriend, Jie Ling Cho, including Cho's home address in Quincy, Massachusetts, as well as a Post Office Box that she had opened in Allston at CHUI's request.

14.    Using his username and password to gain access to Equiserve's system, CHUI directed the system on numerous occasions to divert stock from established shareholder accounts into the phony accounts he had created, knowing that he did not have the authorization of the account holders themselves.

15.    The dollar value of the stock transfers ranged from the hundreds to the tens-of-thousands of dollars.

16.    Once transferred, the stock would reside in the phony account for as long as a few months or as little as a day. In either case, CHUI often would transfer stock among several phony accounts in an effort to make his transactions more difficult to trace.

17.    CHUI ultimately transferred most of the shares into phony accounts that bore the nearly identical names "Daniel Chang," "Daniel Chong," or "Daniel Zhang." No one by any of

3

these names had opened an account at Equiserve.

18.    CHUI then would contact Equiserve either by phone, mail or internet, purporting
to be "Daniel Chang," "Daniel Chong," or "Daniel Zhang," as the case may have been, and
would order the sale of shares from the account.

19.    Once Equiserve sold the shares, it would mail the proceeds by check to the
address of record on the account; that is, the addresses that Jie Ling Cho controlled.

20.    CHUI knew that because banks require proof of identification for certain
transactions, including cashing checks, withdrawing cash and opening new accounts, he would
not be able simply to cash the Equiserve checks. To evade the proof-of-identification
requirement, CHUI sought out and obtained the assistance of Tony Cho, the brother of Jie Ling
Cho and an employee of Citizens Bank, to open up an account at Citizens Bank in the name of
Daniel Chang. Establishing the account allowed CHUI to deposit the Equiserve checks (as
deposits do not require proof of identification) and to write checks off the account.

21.    On approximately August 27, 2001, at CHUI's request and on his behalf, Tony
Cho in fact opened a checking account (number xxx-xxx-8373) and a savings account (number
xxx-xxx-4391) at Citizens Bank in West Roxbury, Massachusetts in the name of Daniel Chang.
The address of record on the accounts was 261 West Street, # 2, Boston, Massachusetts 02169, a
variant of the address where Jie Ling Cho and he lived, namely *263 West Street, Quincy*,
Massachusetts 02169. CHUI entered Boston as the city on the address and entered a slightly
different street number as a way of making his transactions less traceable, knowing that with the
correct zip code (and because 261 West Street did not exist), the U.S. Postal Service would
deliver any mail concerning the Daniel Chang account to the Quincy address.

4

22.    Jie Ling Cho would retrieve the checks mailed to the addresses to which she had access and deliver them to CHUI, who in turn would deposit them into either the Daniel Chang checking or Daniel Chang savings account at Citizens Bank.

23.    Once the checks from Equiserve were credited to the Daniel Chang bank accounts, CHUI would withdraw the funds by check or, with the further assistance of Tony Cho, by cash. Through his scheme, CHUI was able to defraud Equiserve account holders of over $200,000 worth of stock, converting more than $150,000 of the total to cash.

## COUNTS ONE through FIVE
### (Mail Fraud - 18 U.S.C. § 1341)

THE GRAND JURY FURTHER CHARGES THAT:

24.    Paragraphs 1-23 are realleged and incorporated by reference as though fully set forth herein.

25.    On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

### KAM WAI CHUI

and others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing and attempting to do so, did cause persons to place in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the United States Postal Service or by private or commercial carrier, and caused to be deposited matters and things to be sent or delivered by the United States Postal Service or by a private or commercial interstate carrier, and took and

5

received therefrom, such matters and things, and knowingly caused to be delivered by the United

States Postal Service mail or by private or commercial carrier according to the directions thereon,

such matters and things, as follows:

| COUNT | DATE (on or about) | MATTER MAILED |
|-------|--------------------|---------------|
| 1 | 7/26/01 | Equiserve check # 10253464 to Daniel Chang in the amount of $3,014.19 to 261 West Street, Boston, MA 02169; |
| 2 | 4/23/02 | Equiserve check # 10317026 to Deniel J. Zhang in the amount of $5,906.84 to 261 West Street, Boston, MA 02169; |
| 3 | 5/13/02 | Equiserve check # 10254565 to Anne N. Chan in the amount of $7,886.20 to 261 West Street, Boston, MA 02169; |
| 4 | 5/13/02 | Equiserve check # 10254566 to Evvone L. Chan in the amount of $7,886.20 to 261 West Street, Boston, MA 02169; |
| 5 | 10/15/02 | Equiserve Check 102268308 to Daniel Jing Zhang Trust in the amount of $30,032.50 to PO Box 1135, Allston, MA 02134; |

All in violation of Title 18, United States Code, Section 1341 and 2.

## COUNTS SIX through NINE
### (Money Laundering - 18 U.S.C. 1956(a)(1)(B)(i))

THE GRAND JURY FURTHER CHARGES THAT:

26.     Paragraphs 1-25 are realleged and incorporated by reference as though fully set

forth herein.

27.     On approximately August 26, 2001, CHUI asked Tony Cho, an employee at a

West Roxbury, Massachusetts branch of Citizens Bank, to open an account for him in the name

6

of Daniel Chang and provided Tony Cho with account opening information.

28.     On approximately August 27, 2001, Tony Cho opened a checking account (number xxx-xxx-8373) and a savings account (number xxx-xxx-4391) at Citizens' Bank, under the name of Daniel Chang and the fake social security number CHUI provided him, 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. The address of record on the account, provided by CHUI, was "261 West Street, #2, Boston, MA 02169," a slight variant on the address where Jie Ling Cho and, at times, CHUI lived, namely 263 West Street, *Quincy*, MA 02169. CHUI knew with the correct zip code, the U.S. Postal Service would ensure that all mailings would arrive successfully at the Quincy address, and that by falsely listing "Boston" as the city of record, he intended to make his transactions less traceable.

29.     When the Equiserve checks bearing the proceeds of CHUI's fraudulent stock transfers arrived at the addresses Jie Ling Cho controlled, she delivered them to CHUI, who in turn deposited them into either the Daniel Chang saving account or the Daniel Chang checking account at Citizens Bank.

30.     Nearly all of the money that passed through the Daniel Chang accounts came directly from the Equiserve checks bearing the proceeds of CHUI's fraudulent stock sales.

31.     CHUI withdrew these funds in the form of cash or checks addressed to Jie Ling Cho, to whose account he had access. CHUI would then use the money for his own benefit. CHUI also deposited a check written on the Daniel Chang checking account into another account at Citizens Bank, account number XXX-XXX-1292, in the name of Kam Wai Chui.

32.     CHUI used the Daniel Chang and Jie Ling Cho accounts as a means of concealing the source of the funds he deposited into it, namely the proceeds of the sales of stock he stole

7

from unsuspecting Equiserve stockholders.

33.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

## KAM WAI CHUI

did knowingly conduct and cause to be conducted financial transactions, as set forth below, affecting interstate and foreign commerce, which financial transactions involved the proceeds of specified unlawful activity, that is mail fraud in violation of 18 U.S.C. § 1341, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, with knowledge that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| COUNT | DATE (on or about) | TRANSACTION |
|---|---|---|
| 6 | 9/13/01 | $4,000 cash debit from Daniel Chang account, #xxxxxx8373, at Citizens Bank; |
| 7 | 5/16/02 | $9,500 debit from Daniel Chang account, # xxxxxx8373, at Citizens Bank; |
| 8 | 5/30/02 | $9,500 debit from Daniel Chang account, # xxxxxx8373, at Citizens Bank; and |
| 9 | 10/22/02 | $33,000.00 check (#105) from Daniel Chang to Jie Cho. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2.

8

## FORFEITURE ALLEGATION - MONEY LAUNDERING

### (18 U.S.C. § 982)

THE GRAND JURY FURTHER CHARGES THAT:

34.     Paragraphs 1-33 are realleged and incorporated by reference as though fully set forth herein.

35.     As a result of the money laundering offenses alleged in Counts Six through Nine of this Indictment, the defendant,

### KAM WAI CHUI

shall forfeit to the United States any property, real or personal, involved in such offenses, and any property traceable to such property, including without limitation:

a.     all funds credited to Citizens' Bank checking account number XXX-XXX-8373, held in the name of Daniel Chang;

b.     all funds credited to Citizens' Bank account number XXX-XXX-4391, held in the name of Daniel Chang; and

c.     all funds credited to Citizens' Bank account number XXX-XXX-1292, held in the name of Kam Wai Chui.

36.     If any of the property described in paragraph 35 above, as a result of any act or omission by the defendant --

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

9

> e.     has been commingled with other property which cannot be subdivided
> without difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

which is incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the property described in paragraph 35 above.

All in violation of Title 18, United States Code, Section 982.

10

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Jonathan F. Mitchell
Assistant United States Attorney

Date: 12/17/03 @ 4:30

11