UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>          Plaintiff,     )<br>                          )<br>     v.                   )   CRIMINAL NO. 03-10396-NG<br>                          )<br>KAM WAI CHUI,             )<br>          Defendant.      ) | |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

**GERTNER, D.J.:**

   WHEREAS, or about December 17, 2003, a federal grand jury sitting in the District of Massachusetts returned a Nine Count Indictment charging defendant Kam Wai Chui, (the "Defendant" or "Chui"), with the following violations:  Mail Fraud, in violation of 18 U.S.C. § 1341, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts One through Five); and, Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts Six through Nine);

   AND WHEREAS, the Indictment also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 18 U.S.C. § 982;

   AND WHEREAS, the Forfeiture Allegation of the Indictment sought the forfeiture, as a result of the money laundering offenses alleged in Counts Six through Nine of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property, including without

limitation:

    a.    all funds credited to Citizens' Bank checking account number XXX-XXX-8373, held in the name of Daniel Chang[1];

    b.    all funds credited to Citizens' Bank account number XXX-XXX-4391, held in the name of Daniel Chang[2]; and

    c.    all funds credited to Citizens' Bank account number XXX-XXX-1292, held in the name of Kam Wai Chui[3],

(collectively, the "Accounts");

AND WHEREAS, in accordance with the Indictment, if any of the Defendant's assets that are subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982;

---

[1] The balance of this account currently is $3,300.77.

[2] The balance of this account currently is $152.56.

[3] This account was closed on November 1, 2002, and no money was recovered.

AND WHEREAS, on or about May 24, 2004, the Defendant pled guilty to all counts of the Indictment without a written plea agreement, and according to the charges in the Indictment, the Defendant laundered approximately $56,000;

AND WHEREAS, based on the Defendant's conviction on Counts Six through Nine and the Forfeiture Allegation of the Indictment, the United States is now entitled to the forfeiture of all property involved in the offenses, and any property traceable thereto, including all funds on deposit in the Accounts;

AND WHEREAS, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982, the United States is also entitled to the forfeiture of any other property of the Defendant, up to the value of the $56,000 of laundered money, based on the substitute asset provision of the forfeiture allegation of the Indictment;

AND WHEREAS, based on the substitute asset provision of the forfeiture allegation of the Indictment, the United States has identified certain other bank accounts in connection with this criminal case, described as:

    a.    all funds credited to Citizens' Bank account number XXX-XXX-4324, held in the name of Kam Wai Chui[4]; and

    b.    all funds credited to Citizens' Bank account

---

[4] The balance of this account currently is $101.74.

                    number XXX-XXX-9495, held in the name of Kam Wai Chui[5];

(collectively, the "Substitute Accounts"), for which the United States is also entitled to forfeit;

    AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against all property involved in the offenses, and any property traceable thereto, including all funds on deposit in the Accounts, or substitute assets in an amount up to the value of the $56,000 subject to forfeiture, as a result of Chui's guilty plea;

    ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

    1.   The United States' Motion for Entry of a Preliminary Order of Forfeiture is ALLOWED.

    2.   All property involved in the offenses, and any property traceable thereto, including all funds on deposit in the Accounts, is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

    3.   All property identified as substitute assets,

---

[5]The balance of this account currently is $2,262.07.

including all funds on deposit in the Substitute Accounts, is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982.

4. Pursuant to 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982, and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to conduct discovery in order to facilitate the identification and location of any and all assets subject to forfeiture, pursuant to 18 U.S.C. § 982, as a result of Chui's guilty plea.

5. In the event that additional assets are identified which are subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982, the United States will seek an amended Order and conduct ancillary proceedings pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, and Rule 32.2(e) of the Federal Rules of Criminal Procedure.

6. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982, for the filing of such petitions, the United States of America shall have clear title to the forfeited properties, including all funds on deposit in the Accounts and in the Substitute Accounts.

7.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, in which all interests will be addressed.

                                                                    NANCY GERTNER
                                                                    United States District Judge

Dated: