UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA             CRIMINAL NO. 04-CR-10396-NG

v.

KAM WAI CHUI,

    **Defendant**

### DEFENDANT'S SENTENCING MEMORANDUM

Having pleaded guilty to five counts of mail fraud and four counts of money laundering in the above numbered case, Mr. Chui is scheduled to be sentenced on December 20, 2004. There is no plea agreement.

As the Court remarked in <u>United States v. Mueffleman,</u> 327 F. Supp. 79 (D. Mass. July 26, 2004), the Supreme Court's decision in <u>Blakely v. Washington,</u> 124 S.Ct. 2531 (June 24, 2004) particularly impacts defendants like Mr. Chui, who pled guilty or were convicted before <u>Blakely</u>, but whose sentencing occurs afterward, and for whom the government seeks sentencing enhancements or upward departures based on factors that were not admitted to or found by a jury. As Judge Gertner noted in her remarks at the 2004 Convention of the National Association of Criminal Defense Lawyers, "For anyone convicted or who has pled, the record is closed. There are no enhancements that can be applied at all."

In light of this Court's holding that <u>Blakely</u> applies to the Federal Sentencing Guidelines, and that the Guidelines are unconstitutional in their entirety, Mr. Chui respectfully requests that the Court impose a sentence which mitigates the harsher aspects of the Guidelines. The defendant is aware of this Court's declared intention to look to the

Guidelines as a reference point. Mr. Chui respectfully urges the Court to impose a sentence that does not exceed the sentence Mr. Chui would have received under the Guidelines based on the facts which he has admitted. There should be no enhancement beyond the base offense level of 12, because the issues of additional loss, role, "sophisticated means", and obstruction of justice were never submitted to a jury, nor did Mr. Chui admit to any such facts.

At a base offense level of 12, with a criminal history of I, the range under the Guidelines is 10 – 16 months. Mr. Chui objects to any evidence offered by the government and to any finding of fact made by this Court for the purpose of awarding Mr. Chui an enhanced sentence on the grounds that such evidence violates Mr. Chui's Sixth Amendment right to trial by jury and the due process clause of the Fifth Amendment.

Mr. Chui has been in custody since his arrest on November 27, 2003. The Defendant urges the Court to impose a sentence commensurate with the crime to which he has admitted, bearing in mind that as a resident alien, there is every reason to believe that Mr. Chui will be deported as a consequence of his plea.

A.   **THE GUILTY PLEA**

On May 24, 2004, Mr. Chui entered a plea of guilty to five counts of mail fraud. As recited by the prosecutor on that date beginning at page 9 of the transcript, the amounts of money involved were as follows: Count I – "the defendant caused Equiserve check 10253464 to Daniel Chang in the amount of $3,014.19 to be mailed ...." As to Count II, "defendant caused Equiserve check 10317026 ...in the amount of $5,906.84 to

be mailed ...." As to Count III, "the defendant caused Equiserve check 10254565 ...in the amount of $7,886.20 to be mailed ....." As to Count IV, "he caused Equiserve check 10254566 ... in the amount of $7,886.20, the same amount, to be mailed ....." As to Count V, "he caused Equiserve check 102268308 ... in the amount of $30,032.50 to be mailed...." The sum total of the money involved is $54,725.93. This is the only amount that may be considered for purpose of establishing the amount of loss under U.S.S.G. s. 2B1.1(b)(1)(G).

The defendant objects to the anticipated testimony of Dan Dearden, as set forth in the government's sentencing memorandum at page 7. By permitting the government to call Mr. Dearden as a witness and by engaging in fact-finding at the sentencing stage, the Court is countenancing the very mischief described in Blakely. The teaching of Blakely is that enhancement facts that create a sentence above the expected punishment ceiling of the "base" guideline range must be proved beyond a reasonable doubt to a jury. As this Court remarked before the 2004 Annual Conference of the National Association of Criminal Defense Lawyers (July 28 – 31, 2004), "There is no such animal as a sentencing jury." Because the Court may not substitute itself as a fact finder in the sentencing phase, the government should not be allowed to argue sentence enhancement or role adjustment.

B.   CALCULATING THE SENTENCE

Using the Guidelines as a reference point, the total offense level of the mail fraud counts is 12, a base level of 6 with an increase of 6 (loss over $30,000). The base offense level for money laundering is that of the underlying offense from which the laundered funds were derived. U.S.S.G. s. 2S1.1(a). As calculated above, the base offense level for

mail fraud is 12. U.S.S.G. s. 2S1.1(b)(2)(B) provides for an increase of 2 levels when the defendant is convicted of violating 18 U.S.C. s. 1956. The facts as admitted by Mr. Chui do not support an inference that he was an organizer, leader, manager or supervisor of any criminal activity, merely that he was a participant. Mr. Chui should not suffer a two-level adjustment for his role in the offense. U.S.S.G. s. 3B1.1(c). The offense level, therefore, for money laundering is 14.

As U.S.S.G. s. 3D1.3 provides that the mail fraud and money laundering counts are to be grouped, and the counts yielding the highest offense level in the group is to be used for sentencing, his total offense level would be 12 (if the Court reduces the defendant's offense level by 2 based on a finding that he has accepted responsibility).

This Court should credit Mr. Chui for his acceptance of responsibility. When first confronted by his employer and the postal inspectors, Mr. Chui readily admitted involvement in the crimes for which he was ultimately indicted. The government never accepted or believed that there was a Daniel Chang involved in the commission of the crimes. Indeed, the government does not contest that Mr. Chui should receive a downward adjustment for acceptance-of-responsibility. *Government's Sentencing Memorandum*, 11 n.5.

Moreover, Mr. Chui did not obstruct justice by his journey to China. Mr. Chui alerted the postal inspectors that he intended to travel to China. On December 27, 2002, according to a Memo of Interview prepared by U.S. Postal Inspector Jean Zaniewski, Mr. Chui informed her that he had planned for six months to travel to China. At the time Mr. Chui traveled to China, no complaint or warrant had yet issued against him. According to the docket, a sealed complaint and arrest warrant as to Mr. Chui was not

issued until November 7, 2003.  Had Mr. Chui really intended to avoid prosecution, he surely would have remained in China, where he would have been effectively beyond the reach of American law enforcement.

Mr. Chui has no criminal history relevant to these proceedings.  It is true that Mr. Chui admitted sufficient facts to the charge of reckless driving in 2001.  However, careful examination of his record reveals that he was sentenced to less than one year of probation.  Under U.S.S.G. s. 4A1.2 (c)(1), a conviction for reckless driving is counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days, or (B) the prior offense was similar to an instant offense.  The 2 additional points computed by the government depend on the conviction for reckless driving.  Moreover, the pre-sentence report implicitly recognizes that Mr. Chui would be a candidate for downward departure because his criminal history as calculated by the government substantially over-represents  the seriousness of his criminal history or the likelihood that he will commit other crimes.  Mr. Chui's criminal record consists of two misdemeanor traffic offenses.  Mr. Chui should be regarded for purposes of Criminal History as Category I with 0 criminal history points.

## CONCLUSION

Using the Guidelines as a reference point, Mr. Chui should be found to have a total offense level of 12 and a Criminal History Category of I.  Under the Guidelines, an appropriate sentencing range would be 10-16 months.  Mr. Chui has already been in custody since November 27, 2003.  He is likely to be deported.  A sentence of 13 months would be commensurate with the crime committed.

        Respectfully submitted,

        _/S/ Mark W. Bennett_____
        MARK W. BENNETT #544435
        P.O. Box 509
        Milton, MA 02186
        Tel. 617 296 8282


        _____
        ROBERT L. JUBINVILLE
        487 Adams St.
        Milton, MA 02186
        Tel. 617 698 8000


## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true copy of the above document to be served by mail, fax, hand, electronically upon counsel of record for the government:

Jonathan F. Mitchell,
Asst. U.S. Attorney
John Jos. Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

Signed under the pains and penalties of perjury this 16$^{th\ day}$ of December, 2004.

        __/S/ Mark W. Bennett_____
        Mark W. Bennett, Attorney for
        Kam Wai Chui