```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )    CRIMINAL NO. 03-10396-NG
                             )
KAM WAI CHUI,                )
          Defendant.         )
```

**MOTION FOR FINAL ORDER OF FORFEITURE**

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Final Order of Forfeiture in the above-captioned case, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982. In support thereof, the United States sets forth the following:

1. On or about December 17, 2003, a federal grand jury sitting in the District of Massachusetts returned a Nine Count Indictment charging defendant Kam Wai Chui, (the "Defendant" or "Chui"), with the following violations: Mail Fraud, in violation of 18 U.S.C. § 1341, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts One through Five); and, Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts Six through Nine). The Indictment also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 18 U.S.C. § 982.

2. The Forfeiture Allegation of the Indictment sought the

forfeiture, as a result of the money laundering offenses alleged in Counts Six through Nine of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property, including without limitation:

    a.    all funds credited to Citizens' Bank checking account number XXX-XXX-8373, held in the name of Daniel Chang[1];

    b.    all funds credited to Citizens' Bank account number XXX-XXX-4391, held in the name of Daniel Chang[2]; and

    c.    all funds credited to Citizens' Bank account number XXX-XXX-1292, held in the name of Kam Wai Chui[3],

(collectively, the "Accounts").

3.    On or about May 24, 2004, the Defendant pled guilty to all counts of the Indictment without a written plea agreement. According to the charges in the Indictment, the Defendant laundered approximately $56,000. Therefore, based on the Defendant's conviction on Counts Six through Nine and the Forfeiture Allegation of the Indictment, the United States is now entitled to the forfeiture of all property involved in the offenses, and any property traceable thereto, including all funds on deposit in the Accounts.

---

[1] The value of the seized account is $2,262.07.

[2] The value of the seized account is $101.91.

[3] This account was closed on November 1, 2002, and no money was recovered.

4. In addition, and pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982, the United States is entitled to the forfeiture of any other property of the Defendant up to the value of the $56,000 of laundered money, based on the forfeiture allegation of the Indictment, which also sought the forfeiture of substitute assets. The United States has identified certain other bank accounts in connection with this criminal case. The other accounts are described as:

    a. all funds credited to Citizens' Bank account number XXX-XXX-4324, held in the name of Kam Wai Chui[4]; and

    b. all funds credited to Citizens' Bank account number XXX-XXX-9495, held in the name of Kam Wai Chui[5];

(collectively, the "Substitute Accounts").

5. On or about January 18, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, against Chui's interests in all property involved in the offenses, and any property traceable thereto, including all funds on deposit in the Accounts, or substitute assets in an amount up to the value of the $56,000 subject to forfeiture, as a result of Chui's guilty plea.

---

[4] No funds were recovered from this account.

[5] No funds were recovered from this account.

6. In addition, the Preliminary Order of Forfeiture directed the forfeiture of all property identified as substitute assets, including all funds on deposit in the Substitute Accounts, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982.

7. On March 29, 2005, April 5, 2005, and April 12, 2005, a Notice of Order of Forfeiture was published in the Boston Globe Newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982 (see Exhibit A attached hereto).

8. By virtue of Chui's guilty plea and subsequent conviction on Counts Six through Nine and the Forfeiture Allegation of the Indictment, the United States is now entitled to any and all interest the Defendant has in the forfeited properties, including all funds on deposit in the Accounts and in the Substitute Accounts.

11. To date, no other claims of interest in the Accounts and/or in the Substitute Accounts have been filed with the Court and the time within which to do so has expired.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order of Forfeiture against all funds on deposit in the Accounts and in the Substitute Accounts. A Proposed Order is submitted herewith for the convenience of the Court.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        BY:  /s/ Kristina E. Barclay
                              KRISTINA E. BARCLAY
                              Assistant U.S. Attorney
                              1 Courthouse Way, Suite 9200
                              Boston, MA  02210
                              Telephone: (617) 748-3100

Date: June 22, 2005

**CERTIFICATE OF SERVICE**

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion for Final Order of Forfeiture, as well as a proposed Final Order of Forfeiture, were served upon Mark W. Bennett, Esquire, 487 Adams Street, P.O. Box 509, Milton, Massachusetts 02186, and Robert L. Jubinville, Esquire, 487 Adams Street, Milton, Massachusetts 02186, as counsel for Defendant Kam Wai Chui, by first class mail, postage prepaid.

                              /s/ Kristina E. Barclay
                              Kristina E. Barclay
                              Assistant U.S. Attorney

Date: June 22, 2005