UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>         Plaintiff,    )<br>                         )<br>   v.                    )   CRIMINAL NO. 03-10396-NG<br>                         )<br>KAM WAI CHUI,             )<br>         Defendant.    ) | |

**FINAL ORDER OF FORFEITURE**

**GERTNER, D.J.**,

WHEREAS, on or about December 17, 2003, a federal grand jury sitting in the District of Massachusetts returned a Nine Count Indictment charging defendant Kam Wai Chui, (the "Defendant" or "Chui"), with the following violations: Mail Fraud, in violation of 18 U.S.C. § 1341, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts One through Five); and, Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts Six through Nine);

AND WHEREAS, the Indictment also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 18 U.S.C. § 982;

AND WHEREAS, the Forfeiture Allegation of the Indictment sought the forfeiture, as a result of the money laundering offenses alleged in Counts Six through Nine of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property, including without

limitation:

    a.    all funds credited to Citizens' Bank checking account number XXX-XXX-8373, held in the name of Daniel Chang[1];

    b.    all funds credited to Citizens' Bank account number XXX-XXX-4391, held in the name of Daniel Chang[2]; and

    c.    all funds credited to Citizens' Bank account number XXX-XXX-1292, held in the name of Kam Wai Chui[3],

(collectively, the "Accounts");

AND WHEREAS, on or about May 24, 2004, the Defendant pled guilty to all counts of the Indictment without a written plea agreement;

AND WHEREAS, according to the charges in the Indictment, the Defendant laundered approximately $56,000, and therefore, based on the Defendant's conviction on Counts Six through Nine and the Forfeiture Allegation of the Indictment, the United States is now entitled to the forfeiture of all property involved in the offenses, and any property traceable thereto, including all funds on deposit in the Accounts;

AND WHEREAS, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982, the United States is entitled to the

---

[1] The value of the seized account is $2,262.07.

[2] The value of the seized account is $101.91.

[3] This account was closed on November 1, 2002, and no money was recovered.

forfeiture of any other property of the Defendant up to the value of the $56,000 of laundered money, based on the forfeiture allegation of the Indictment, which also sought the forfeiture of substitute assets;

AND WHEREAS, the United States has identified certain other bank accounts in connection with this criminal case. The other accounts are described as:

    a.    all funds credited to Citizens' Bank account number XXX-XXX-4324, held in the name of Kam Wai Chui[4]; and

    b.    all funds credited to Citizens' Bank account number XXX-XXX-9495, held in the name of Kam Wai Chui[5];

(collectively, the "Substitute Accounts");

AND WHEREAS, on or about January 18, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, against Chui's interests in all property involved in the offenses, and any property traceable thereto, including all funds on deposit in the Accounts, or substitute assets in an amount up to the value of the $56,000 subject to forfeiture, as a result of Chui's guilty plea;

AND WHEREAS, the Preliminary Order of Forfeiture also

---

[4] No funds were recovered from this account.

[5] No funds were recovered from this account.

directed the forfeiture of all property identified as substitute assets, including all funds on deposit in the Substitute Accounts, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982;

AND WHEREAS, on or about March 29, 2005, April 5, 2005, and April 12, 2005, a Notice of Order of Forfeiture was published in the Boston Globe Newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982;

AND WHEREAS, by virtue of Chui's guilty plea and subsequent conviction on Counts Six through Nine and the Forfeiture Allegation of the Indictment, the United States is now entitled to any and all interest the Defendant has in the forfeited properties, including all funds on deposit in the Accounts and in the Substitute Accounts;

AND WHEREAS, to date, no other claims of interest in the Accounts and/or in the Substitute Accounts have been filed with the Court and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  The United States' Motion for a Final Order of Forfeiture is allowed.

2.  The United States of America is now entitled to the forfeiture of all right, title or interest in all funds on deposit in the Accounts and in the Substitute Accounts, and they are hereby forfeited to the United States of America pursuant to

the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982.

3.   Any parties having any right, title, or interest in all funds on deposit in the Accounts and in the Substitute Accounts are hereby held in default.

4.   The United States Marshals Service is hereby authorized to dispose of all funds on deposit in the Accounts and in the Substitute Accounts in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this __8__ day of __February__, 2005.

NANCY GERTNER
United States District Judge

Dated: